UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY HEALTH PARTNERS, LLC,

    Plaintiff,

v.                                  CASE NO. 8:17-cv-2922-T-26JSS

DIVERSUS MANAGEMENT, INC.,

    Defendant.
_____/

**O R D E R**

    Defendant, through counsel, has filed a motion to dismiss Plaintiff's complaint with attachments pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state claims for relief against Defendant for anticipatory breach of contract (count I), breach of contract (count II), and breach of implied covenant of good faith and fair dealing (count III). The core arguments of the motion are that Plaintiff's complaint "fails to acknowledge the numerous discretionary conditions precedent, material matters for which no agreement was reached, and absolute rights of termination for convenience, any one of which precludes all of the relief sought by [Plaintiff]." Defendant finally argues that "the claim for breach of the implied

covenant of good faith fails because there is no enforceable contract."[1] After careful consideration of the well-pleaded allegations of Plaintiff's complaint, together with its attachments, which allegations this Court must accept as true at this early juncture of the proceedings, the Court concludes that the motion is due to be denied without the need for a response from Plaintiff because those allegation more than adequately state plausible claims for relief above the speculative level against Defendant as to all three counts of the complaint.

With regard to the first of Defendant's contentions – the failure to acknowledge various discretionary conditions precedent to the contract – what Defendant fails to acknowledge is that Plaintiff has specifically alleged in paragraph 36 of the complaint, in compliance with Rule 9(c) of the Federal Rules of Civil Procedure, that "[a]ll conditions precedent to the bringing and maintenance of this action and the granting of the relief requested have occurred, have been satisfied, have been performed or have been waived." In light of that general allegation, whether the Defendant's claimed discretionary conditions precedent have been satisfied is not an issue that can be adjudicated on a motion to dismiss. See APR Energy, LLC v. Pakistan Power Res., LLC, 653 F. Supp. 2d 1227, 1233 (M.D. Fla. 2009) (and cases cited). Thus, the Court declines to address at this juncture of the proceedings whether all conditions precedent to the contract were in fact

---

[1] Defendant has correctly set forth the standards for determining whether a complaint states a claim for relief, standards which this Court is bound to apply in this case.

satisfied. See Norring v. Private Escapes, LLC, 2010 WL 963293, at *5 (M.D. Fla. 2010) (and cases cited).

With respect to the contentions that there exist material matters for which the parties never reached agreement and that Defendant retained the absolute right to terminate the contract for convenience, the Court notes that the primary cases cited and relied on by Defendant to support these contentions did not decide the merits at the motion to dismiss stage. Instead, Handi-Van, Inc. v. Broward Cnty., 116 So. 3d 530 (Fla. Dist. Ct. App. 2013) was decided on appeal from a motion for summary judgment, Harris Corp. v. Giesting & Assocs., Inc., 297 F. 3d 1270 (11th Cir. 2002) was decided on appeal from a jury verdict, Southern Internet Sys., Inc. ex rel. Menotte v. Pritula, 856 So. 2d 1125 (Fla. Dist. Ct. App. 2003) was decided on appeal from a motion for final judgment, and Aldora Aluminum Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc., 683 F. App'x 764 (11th Cir. 2017) (unpublished)[2] was decided on appeal from a motion for summary judgment after the district court denied a motion to dismiss. Consequently, the Court will not decide these very important issues within the context of a motion to dismiss but instead will do so, if appropriate, within the context of a motion for summary judgment after the completion of full discovery.

---

[2] Contrary to Defendant's assertion that this case "binds this Court," because it is an unpublished opinion, it is only persuasive authority. See 11th Cir. R. 36-2.

Finally, having concluded that Plaintiff has stated claims for relief for anticipatory breach of contract and breach of contract, it necessarily follows that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be allowed to proceed.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 11) is **denied**. Defendant shall file its answer and defenses to Plaintiff's complaint within **fourteen (14) days** of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 17, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record