UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY HEALTH PARTNERS, LLC,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-2922-T-26JSS

DIVERSUS MANAGEMENT, INC.,

    Defendant.
                                /

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, together with Plaintiff's submission, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim (Dkt. 18) is denied. In the Court's view, Defendant's counterclaim is nothing more than an extension of the affirmative defenses alleged in Defendant's seventeenth and eighteenth affirmative defenses. Count one of the counterclaim alleging breach of contract pursuant to section 8.2 of the parties' agreement is nothing more than a more detailed recitation of the facts supporting the seventeenth affirmative defense of offset based on the same section. The same analysis applies to count two of the counterclaim alleging indemnification under section 9.2 of the parties' agreement. That count likewise contains more detailed factual allegations related to the eighteenth affirmative defense requesting full indemnification under the same section of

the parties' agreement.  Consequently, pursuant to Federal Rule of Civil Procedure 8(c), the Court will treat the counterclaim as more appropriately designated as an extension of the affirmative defenses alleged in Defendant's seventeenth and eighteenth affirmative defenses.[1]

**DONE AND ORDERED** at Tampa, Florida, on February 22, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[1] The Court notes that Plaintiff has not sought to strike these affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  However, such a motion would be summarily denied under the analysis employed in <u>United States v. MLU Servs., Inc.</u>, 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008).